United States District Court
Eastern District of Michigan
Southern Division

United States of America,

    Plaintiff,

v.

Sarmad RAFI,

    Defendant.
_____/

Case No. 25-cr-20224

Hon. Nancy G. Edmunds

# Plea Agreement

The United States of America and the defendant, Sarmad RAFI, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

**1.  Count of Conviction**

The defendant will plead guilty to Count 3 of the Information (ECF No. 13). Count 3 charges the defendant with Smuggling Goods from the United States, in violation of Title 18, United States Code, Section 554.

Page 1 of 19

## 2. Statutory Minimum and Maximum Penalties

The defendant understands that the count to which he is pleading guilty is a felony offense and carries the following minimum and maximum statutory penalties:

| Count 3 | Term of imprisonment: | Up to 10 Years |
|---|---|---|
| | Fine: | Up to $250,000 |
| | Term of supervised release: | Up to 3 years |

## 3. Agreement Not to Bring Additional Charges

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will move to dismiss without prejudice any remaining charges in the information against the defendant in this case, provided that the defendant does not breach this agreement.

Specifically, the United States Attorney's Office will move to dismiss without prejudice Counts 1 and 2 of the Information, charging defendant with Smuggling Goods from the United States, in violation of Title 18, United States Code, Section 554, and Count 4 of the Information, charging defendant with False Statements, in violation of

Title 18, United States Code, Section 1001. The parties agree that a breach of any provision of this agreement shall be considered a material breach of this agreement and, upon such a breach, the government will be relieved of its obligations under this paragraph and reserves the right to bring any charges against the defendant that were not filed as part of this agreement.

4.  **Elements of Count of Conviction**

    The elements of Count 3 are:

    1. The defendant knowingly exported/sent or attempted to export/send;

    2. Merchandise, articles, or objects;

    3. The defendant's exportation and/or sending was contrary to any law or regulation of the United States; and

    4. The defendant knew the exportation and/or sending of the merchandise, articles, or objects was contrary to law or regulation.

5.   **Factual Basis**

The parties agree that the following facts are true, accurately describe the defendant's role in the offense, and provide a sufficient factual basis for the defendant's guilty plea:

The defendant, Sarmad RAFI, is a citizen of Canada. The defendant is not a citizen or national of the United States. On or about January 27, 2025, in the Eastern District of Michigan, the defendant entered the United States from Canada at the Blue Water Bridge in Port Huron, Michigan in his vehicle, and traveled to a parcel pickup company in Port Huron, Michigan. The defendant picked up seven parcels containing firearm components that he had purchased online and had shipped to the company and placed these packages in the trunk of his car. The defendant then drove to a pawn shop nearby and purchased one thousand (1,000) live rounds of .22 caliber ammunition and placed the ammunition in his vehicle.

The defendant drove back to the Blue Water Bridge port-of-entry to return to Canada and was stopped by Customs and Border Protection (CBP) Officials for outbound inspection. The defendant falsely claimed that he had no merchandise to declare. CBP inspected the defendant's

vehicle and found the ammunition and the seven parcels of firearm components that matched the items the defendant purchased online and had shipped to the parcel pickup company in Port Huron, Michigan.

The firearm components and the ammunition are identified on the Commerce Control List (CCL), categorized by Export Control Classification Numbers (ECCN), and are subject to export controls pursuant to the Export Administration Regulations (EAR). The defendant did not obtain a license or written authorization for the export of the firearm components or the ammunition to a foreign country as required by the Export Control Reform Act of 2018 (ECRA), in violation of Title 50 United States Code, Sections 4801-4852.

The defendant knowingly attempted to export the firearm components and ammunition from the United States to Canada, and he knew that exporting the firearm components and ammunition was contrary to any law or regulation of the United States.

6. **Advice of Rights**

The defendant has read the Information, has discussed the charges and possible defenses with his attorney, and understands the

crime charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

    A.    The right to plead not guilty and to persist in that plea;

    B.    The right to a speedy and public trial by jury;

    C.    The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

    D.    The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

    E.    The right to confront and cross-examine adverse witnesses at trial;

    F.    The right to testify or not to testify at trial, whichever the defendant chooses;

    G.    If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

    H.    The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

    I.    The right to compel the attendance of witnesses at trial.

### 7. Collateral Consequences of Conviction

The defendant understands that his conviction here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his conviction here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his conviction.

8.  **Defendant's Guideline Range**

    A.  **Court's Determination**

    The Court will determine the defendant's guideline range at sentencing.

    B.  **Acceptance of Responsibility**

    The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offense to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG

§ 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C. Other Guideline Recommendations

The parties have no other joint guideline recommendations.

### D. Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 8.B or 8.C. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### E. Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 8.B or 8.C. The government likewise

has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

## 9. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment on Count 3 of the Information not exceed the top of the defendant's guideline range as determined by the Court.

### 2. No Right to Withdraw

The government's recommendation in paragraph 9.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If, however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C. Supervised Release

#### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties agree that the Court should impose a 1-year term of supervised release (nonreporting in the event the defendant is removed from the United States) following service of the custodial sentence imposed with a special condition: that the defendant not enter, attempt to enter, or apply for admission to the United States without obtaining the prior permission of the Attorney General or the Secretary for the Department of Homeland Security.

#### 2. No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 9.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D. Fines

There parties have no agreement as to a fine.

### E. Restitution

The Court must order restitution to every identifiable victim of the defendant's offense. There is no recommendation or agreement on restitution. The Court will determine at sentencing who the victims are and the amounts of restitution they are owed.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and 3613. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The defendant agrees to make a full presentence disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining his ability to pay restitution. The defendant

agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. The defendant agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

### F. Forfeiture

Pursuant to 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c), the defendant agrees to forfeit to the United States any and all property, real or personal, which constitutes proceeds obtained or derived, directly or indirectly, from his violations of 18 U.S.C. § 554 as charged in Count 3 of the Information including, but not limited to, the following:

- Seven 3D Printed Pistol Frame Parts Set (FMDA DDXX.2 Glock Compatible)
- 10.5-inch complete 5.56 pistol upper receiver with flash can
- VZ 61 Scorpion Parts Kit Complete Parts Kit, unissued with United States Made Barrel, 20-round magazine, holster, and cleaning kit
- Endcap/Adapter with stock interface for GHM9/45
- Seven-round shotgun card for 12-gauge shells

- Nigh vision goggle helmet mount adapter
- AR style upper receiver components
- One thousand (1,000) live rounds of .22 caliber ammunition

The defendant agrees to the entry of one or more orders of forfeiture, including the entry of a Preliminary Order of Forfeiture, incorporating the forfeiture of the above referenced property following the defendant's guilty plea, upon application by the United States as mandated by Federal Rules of Criminal Procedure 32.2. The defendant agrees that the forfeiture order will become final as to the defendant at the time entered by the Court.

The defendant expressly waives his right to have a jury determine forfeitability of his interest in the above identified property as provided by Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure.

The defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

The defendant acknowledges that he understands that the forfeiture of property is part of the sentence that may be imposed in this

case and waives his right to challenge any failure by the Court to advise him of his rights with respect to forfeiture, set forth in Federal Rule of Criminal Procedure 11(b)(1)(J), at the time his guilty plea is accepted.

The defendant knowingly, voluntarily, and intelligently waives any statutory and constitutional challenge to the above-described forfeiture including any challenge based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution

### G. Special Assessment

The defendant understands that he will be required to pay a special assessment of $100, due immediately upon sentencing.

## 10. Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. The defendant also waives any right he may have to appeal his sentence on any grounds, unless his sentence of imprisonment exceeds the term of imprisonment agreed upon by the parties.

## 11. Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the

defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

## 12. Remedies for Withdrawal, Breach, Rejection, or Vacatur

If the defendant is allowed to withdraw his guilty plea, or breaches this agreement, or if the Court rejects this agreement, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the defendant has been permitted to plead guilty to a lesser-included

offense, the government may also reinstate any charges or file any additional charges against the defendant for the greater offense, and the defendant waives his double-jeopardy rights with respect to the greater offense. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

### 13. Use of Withdrawn Guilty Plea

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he understands waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

### 14. Parties to Plea Agreement

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

15. **Scope of Plea Agreement**

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

16. **Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by **5:00PM on July 13, 2025.** The

government may withdraw from this agreement at any time before the defendant pleads guilty.

|  | Jerome F. Gorgon Jr.<br>United States Attorney |
|---|---|
| */s/ Douglas C. Salzenstein*<br>Douglas C. Salzenstein<br>Chief, Homeland Security Unit<br>Assistant United States<br>Attorney | */s/ Kathryn E. Boyles*<br>Kathryn E. Boyles<br>Special Assistant United States<br>Attorney |

Dated: July 7, 2025

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions answered by his attorney, and is satisfied with his attorney's advice and representation.

| */s/ Zachary R. Glaza*<br>Zachary R. Glaza<br>Attorney for Defendant | */s/ Sarmad Rafi*<br>Sarmad RAFI<br>Defendant |
|---|---|

Dated: 7/14/25